UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RADICE, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | No. 3:24-cv-531 (VAB) |
| | : | |
| JOHN DOE, et al., | : | |
|     Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Eric Radice ("Plaintiff"), a sentenced inmate,[1] has filed a *pro se* Complaint under 42 U.S.C. § 1983. The case caption identifies two Defendants: Chief of Police John Doe and the Waterbury Police Department. In the body of the Complaint, however, he lists five Defendants, Chief of Police John Doe, Evidence Officer John Doe, Investigative Detective in charge of case John Doe, Detective John Doe, and Evidence Captain John Doe. Mr. Radice alleges that that these Defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments by confiscated his car and cash and failing to return them. He seeks no relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the Complaint, or any portion of the Complaint, that is frivolous or malicious, fails to state a claim upon which relief

---

[1] Information available on the Department of Correction website shows that Mr. Radice was sentenced on December 1, 2022 to a term of imprisonment of five years. *See* www.ctinmateinfo.state.ct.us/detailsupb/asp?id_inmt_num=436550. The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A. Based on this initial review, Mr. Radice's Complaint is **DISMISSED** without prejudice.

To the extent that any of the issues identified in this Ruling can be remedied, Mr. Radice may file an Amended Complaint by **August 23, 2024.**

If he fails to file an Amended Complaint by **August 23, 2024**, this case will be dismissed with prejudice, although he may pursue his deprivation of property claims in state court.

I.     .**BACKGROUND**[2]

In April 2021, Mr. Radice allegedly was arrested and his car, a 1999 Toyota Avalon, allegedly was confiscated along with $5,000 contained in his glove compartment. ECF No. 1 ¶ 1. In May 2021, Mr. Radice allegedly posted bond; his car and the money allegedly were kept as evidence. *Id.* ¶ 2.

After he was sentenced in August 2022, Mr. Radice allegedly asked, through his attorney, that the car and money be returned to him. *Id.* ¶¶ 3–4. His attorney allegedly was told that the car and money had been lost. *Id.* ¶ 5. Mr. Radice alleges that he was never given any documentation regarding what had been done with his car and money. *Id.* ¶ 7.

---

[2] For purposes of initial review, the Court considers all of the following allegations to be true.

## II. DISCUSSION

Mr. Radice claims that the Defendants violated his Fourth Amendment right against unreasonable seizure, his Fifth Amendment right against deprivation of property without due process, and his Fourteenth Amendment right to equal protection of the laws, namely the Fourth and Fifth Amendment.

The Court will address each issue in turn.

### A. The Fourth Amendment Claim

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Cases considering claims for loss or destruction of property under the Fourth Amendment generally involve the loss or damage to property that occurs during the course of an arrest or the execution of a search warrant. For example, in *United States v. Jakobetz*, 955 F.2d 786 (2d Cir. 1992), the Second Circuit considered a claim based on the use of a photograph obtained from police files from an earlier investigation on unrelated charges to identify the defendant. The defendant claimed that the photograph should have been returned to him when the other action was terminated. He argued that "because the photographs should not have remained in the possession of the New York authorities, their continued possession constituted an illegal seizure, requiring application of the exclusionary rule to suppress any evidence that resulted from such seizure." *Id.* at 802. The Second Circuit rejected this argument, stating "we do not think that the 'seizure' alleged is one that deserved the special protections provided by the fourth amendment. There is no authority to indicate that Jakobetz's constitutional rights have been violated." *Id.*

Research reveals no case, and Mr. Radice cites none, considering a Fourth Amendment

claim arising under the circumstances presented here, *i.e.*, where the property was lost or destroyed at some point after it was properly confiscated. The Court considers Mr. Radice's claim to be better asserted as a claim for destruction of property without due process under the Fourteenth Amendment. *See Bradley v. City of New York*, No. 04-CV-8411 (RWS/MHD), 2007 WL 232945, at *4 (S.D.N.Y. Jan. 26, 2007) (claim for destruction of personal property following arrest proper under Fourteenth, not Fourth, Amendment).

As Mr. Radice does not challenge the initial seizure of his car or the money, and his claim is only that the confiscated property was later lost or destroyed, the "special protections provided by the fourth amendment" do not apply. *Jakobetz*, 955 F.2d at 802 ("the exclusionary rule is designed to deter police misconduct, there would be no purpose in applying the rule to this case, where there was no such misconduct" (citing United States v. Leon, 468 U.S. 897, 916, (1984))).

Accordingly, the Court will dismiss Mr. Radice's claim, to the extent that it is brought under the Fourth Amendment.

B.  **The Fifth Amendment Due Process Claim**

Mr. Radice cites the Fifth Amendment as the source of his deprivation of property claim. The Fifth Amendment Due Process Clause, however, applies only to federal, not state, inmates. *See Jackson v. Walker*, No. 3:22-CV-1951(OAW), 2022 WL 16573562, at *3 (D. Conn. Nov. 1, 2022) (citing *Caiozzo v. Koreman*, 581 F.3d 63, 69 & n.3 (2d Cir. 2009). As Mr. Radice is a state prisoner, he cannot assert a Fifth Amendment due process claim. *See Jackson*, 2022 WL 16573562, at *3 ("As Plaintiff is not a federal prisoner, he cannot assert a Fifth Amendment deliberate indifference claim."). The Fifth Amendment claim will be dismissed, and the Court considers the claim to be asserted under the Fourteenth Amendment Due Process Clause.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property[.]" *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). When the claim is based on the deprivation of property, the Supreme Court has held that the crucial requirement is that the plaintiff was deprived of his property without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981) ("Our inquiry therefore must focus on whether the respondent has suffered a deprivation of property without due process of law."). If a pre-deprivation hearing is impracticable, a state-authorized post-deprivation hearing that offers a full and meaningful hearing for the plaintiff will satisfy the requirements of due process. *See id*. at 540–41 ("we have rejected the proposition that at a meaningful time and in a meaningful manner always requires the State to provide a hearing prior to the initial deprivation of property. This rejection is based in part on the impracticability in some cases of providing any preseizure hearing under a state-authorized procedure, and the assumption that at some time a full and meaningful hearing will be available") (internal quotation marks omitted); *see also Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (prisoner cannot state due process claim for lost property if the state has created adequate post-deprivation remedies).

Here, Mr. Radice may file actions in state court for negligence, replevin, and conversion under Connecticut law. Thus, he has adequate post-deprivation remedies under state law and his due process claim must be dismissed. *See Lynch v. Hanley*, No. 1:21-CV-0025(GTS/ML), 2021 WL 2792267, at *4-5 (N.D.N.Y. Apr. 1, 2021) (dismissing Fourteenth Amendment deprivation of property claim against police officers because New York law provided adequate post-deprivation remedy through action in state court for negligence, replevin, and conversion), *report and recommendation adopted by* 2021 WL 4763941 (N.D.N.Y. July 26, 2023); *Galarza v. Monti*, 327 F. Supp. 3d 594, 600–01 (S.D.N.Y. 2018) (same).

## C. The Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause protects individuals from invidious discrimination. It does not mandate identical treatment for each individual or group of individuals. Instead, it requires that similarly situated persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). To state an equal protection claim, Mr. Radice must allege facts showing that he was treated differently from similarly situated persons, that the difference in treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980); *see also Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) ("Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations . . . .'").

Mr. Radice claims that the Defendants violated his rights under the Equal Protection Clause. But he does not identify a similarly situated person who was treated differently or an impermissible consideration underlying his treatment.

Accordingly, as he fails to state a plausible Fourteenth Amendment equal protection claim, this claim will be dismissed under to 28 U.S.C. § 1915A(b)(1).

## D. CONCLUSION

For the foregoing reasons, Mr. Radice's Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) without prejudice.

To the extent that any of the issues identified in this Ruling can be remedied, Mr. Radice

may file an Amended Complaint by **August 23, 2024.**

If he fails to file an Amended Complaint by **August 23, 2024**, this case will be dismissed with prejudice, although he may pursue his deprivation of property claims in state court.

**SO ORDERED**.

Dated this 14th day of July 2024 at New Haven, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge