UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RADICE, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | No. 3:24-cv-531 (VAB) |
| | : | |
| JOHN DOE, et al., | : | |
|     Defendants. | : | |
| | : | |

**RULING AND ORDER AS TO THE AMENDED COMPLAINT**

Eric Radice ("Plaintiff"), filed this action against members of the Waterbury Police Department alleging that the defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments by confiscated his car and cash and failing to return them.

On July 14, 2024, the Court issued an Initial Review Order dismissing the Complaint without prejudice to filing an Amended Complaint, if Mr. Radice could correct the deficiencies identified in that Order. *See* ECF No. 10.

Specifically, the Court determined (1) research revealed no cases finding a Fourth Amendment illegal seizure where property that was legally confiscated was later lost or destroyed, *id*. at 3–4; (2) the Fifth Amendment Due Process Clause applies only to federal inmates and Mr. Radice is a state inmate, *id*. at 4; (3) Mr. Radice cannot state a Fourteenth Amendment due process claim for deprivation of property as he has available state remedies to redress his claim, *id.* at 5; and (4) Mr. Radice fails to state a cognizable Fourteenth Amendment equal protection claim because he fails to identify a comparator, *id.* at 6.

Mr. Radice has now filed an Amended Complaint in which he attempts to replead only his Fourteenth Amendment due process and equal protection claims.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. As Mr. Radice includes the same allegations as in the original complaint, the Court does not repeat them here.

The equal protection claim was dismissed because Mr. Radice failed to identify a comparator, *i.e.*, a similarly situated person who was treated differently. *See Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) ("Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations. . . . '"). He still has not done so. Thus, his equal protection claim will remain dismissed.

In an attempt to revive his Fourteenth Amendment due process claim, Mr. Radice refers to cases from other circuits concerning prison disciplinary proceedings. The claims in these cases, however, are not Fourteenth Amendment claims regarding lost property. As Mr. Radice does not identify any cases supporting a due process claim for loss of property where the individual had adequate state post-deprivation remedies and alleges no facts suggesting that the state remedies are inadequate, he fails to state a cognizable Fourteenth Amendment due process claim.

## CONCLUSION

As Mr. Radice has not corrected the identified deficiencies in his claims, the Amended Complaint is DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated this 23rdday of August, 2024, at New Haven, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge